UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Supriya Muddusetti, | § § § | |
| *Plaintiff,* | § § § | Case No. 4:23-cv-02998 |
| v. | § § | |
| Pax Assist, Inc. and United Airlines, Inc., | § § § § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

Several related motions are pending, all filed by Defendant Pax Assist, Inc. In the first of its motions, Pax Assist argues that Plaintiff Supriya Muddusetti's claims should be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), or alternatively, be transferred to the Eastern District of New York. Dkt. 10. Pax Assist later sought leave to file an exhibit referenced in its motion to dismiss. Dkt. 11. In its second Rule 12(b)(2) motion to dismiss, Pax Assist argues that the Court lacks personal jurisdiction over the crossclaim asserted by Defendant United Airlines, Inc. *See* Dkt. 17.

The Court grants Pax Assist's request for leave to submit its exhibit. And after carefully considering the motions to dismiss, responses, Dkt. 12, 21, reply, Dkt. 14, supplemental briefs, Dkt. 28, 29, the record, and the applicable law, it is recommended that the motion be granted with respect to Pax Assist's

alternative request to transfer the case to the Eastern District of New York under 28 U.S.C. § 1631 and § 1406(a).

## Background

This is a personal injury suit. According to the complaint, Muddusetti had flown internationally on a United Airlines flight bound for Newark, New Jersey, but was diverted to John F. Kennedy Airport ("JFK Airport") in New York. Dkt. 1 at 3. Upon arrival, Muddusetti was being transferred via wheelchair by "an employee and/or agent of Defendants" when she fell and sustained injuries. *Id.*

Uncontroverted evidence reflects that Pax Assist is incorporated in New York and maintains its sole place of business there. Dkt. 10-1 at 1. It provides services to certain airlines at JFK Airport in Jamaica, New York. *Id.* at 2. Pax Assist does not and has never done business in Texas. *Id.* Nor has Pax Assist ever consented to be sued in Texas. *Id.*

Muddusetti filed this suit against United Airlines and Pax Assist, asserting a claim under the Montreal Convention. Dkt. 1 at 3-4. Pax Assist responded by filing a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, Dkt. 10, to which Muddusetti responded, Dkt. 12, and Pax Assist replied, Dkt. 14.

In the interim, United Airlines filed an amended answer that asserted a conditional crossclaim against Pax Assist in the event that "the accident,

2

damages, losses and/or injuries alleged in [Muddusetti's] Complaint are proven at trial to be true." Dkt. 9 at 6. Pax Assist then moved to dismiss the crossclaim under Rule 12(b)(2). Dkt. 17. In response, United Airlines notably conceded that it "has no knowledge or information regarding whether there are facts and information that would support personal jurisdiction over Pax Assist in Texas." Dkt. 21 at 1. Moreover, United Airlines agreed with Pax Assist's position that it (1) "was not acting as an agent of United" when the disputed events occurred; (2) "Pax Assist does not have a contract to provide services to United" and was not otherwise contacted to assist with transporting Muddusetti; and (3) the crossclaim is merely contingent and "is not based upon any contractual or other relationship between United and Pax Assist." *Id*. Both motions to dismiss are ripe for resolution.

## **Legal standard**

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. When confronted with a Rule 12(b)(2) motion, "the plaintiff bears the burden to identify facts that demonstrate a prima facie case of jurisdiction." *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels., Div. of Occupational Safety and Health of Cal.*, 1 F.4th 346, 350 (5th Cir. 2021); *see also Herman v. Cataphora, Inc.*, 730 F.3d 460, 464 (5th Cir. 2013). A district court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination" thereof to determine if the plaintiff made a prima facie

3

showing. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (internal quotation marks omitted). The court accepts as true "the nonconclusory, uncontroverted allegations in the plaintiff's complaint" and "resolve[s] conflicts between the facts contained in the parties' affidavits … in the plaintiff's favor." *Bulkley & Assocs., L.L.C.*, 1 F.4th at 350 (internal quotation marks omitted). But "the prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

When, as here, the court resolves a Rule 12(b)(2) motion without an evidentiary hearing, the party invoking jurisdiction bears the burden to make a prima facie case that personal jurisdiction is proper. *See Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). The court "must accept the plaintiff's uncontroverted allegations, and resolve in [the plaintiff's] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014) (quoting *Revell*, 317 F.3d at 469).

## Analysis

I. **Muddusetti failed to make a prima facie case for personal jurisdiction over Pax Assist.**

Pax Assist maintains that it lacks minimum contacts with Texas, thus warranting its dismissal for lack of personal jurisdiction. Dkt. 10 at 4-9. In support, Pax Assist submitted uncontroverted evidence that it is incorporated and operates solely in New York—specifically, at JFK Airport in Jamaica, New York—and has never conducted business anywhere in Texas. *See* Dkt. 10-1 at 1-2. Muddusetti does not engage these facts, pointing instead to the actions of a different defendant—United Airlines—who has appeared in this Court, asserted a crossclaim against Pax Assist, and maintains a hub in Texas.[1] *See* Dkt. 12 at 6-8. Muddusetti also asserts, without legal support, that Pax Assist's claimed status as an agent of United Airlines confers personal jurisdiction over Pax Assist. *See id.* at 6. Muddusetti's contentions fail to show that personal jurisdiction over Pax Assist is proper.

---

[1] Muddusetti does not contend that the Montreal Convention, which governs her claim, *see* Dkt. 1 at 3-4, supplies a basis for personal jurisdiction. *See* Dkt. 12 at 3-4 (invoking the Convention solely as an alleged basis for treating Pax Assist as an agent of United Airlines). Regardless, recent decisions conclude that the Montreal Convention "does not confer personal jurisdiction on United States courts in actions arising under the treaty. The power to assert jurisdiction over a *claim* is distinct from the power to assert jurisdiction over a *party*, which must be separately established." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. UPS Supply Chain Sols., Inc.*, 74 F.4th 66, 73 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 559 (2024); *see also, e.g.*, *Hardy v. Scandinavian Airlines Sys.*, 2023 WL 5173793, at *5 (E.D. La. Aug. 11, 2023) (agreeing with *Nat'l Union* and holding "the Montreal Convention does not provide the Court with an independent basis for personal jurisdiction over Defendant").

There are two types of personal jurisdiction: general and specific. General jurisdiction permits a federal court to "hear *any* claim against that defendant, even if all the incidents underlying the claim occurred" outside the forum state. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 262 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[O]nly a limited set of affiliations" will suffice to establish general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). In particular, a corporate defendant's "affiliations with the State" must be "so continuous and systematic as to render it essentially at home in the forum State." *Id.* at 138-39 (internal quotation marks omitted).

Muddusetti does not invoke general jurisdiction, for good reason. Pax Assist's evidence negates that possibility. Far from being at home in Texas, Pax Assist is a New York corporation with its sole office in New York. Dkt. 10-1 at 1-2. As its sole business activity, it serves at JFK Airport in New York. *Id.* at 2. Pax Assist has never done any business in Texas, whether at a Texas airport or elsewhere in this State. *Id.* There is no basis for general jurisdiction.

Muddusetti relies instead on a theory of specific jurisdiction. "Specific jurisdiction applies when a non-resident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019) (quoting

6

*Panda Brandywine Corp.*, 253 F.3d at 868). "The non-resident's purposeful availment must be such that the defendant should reasonably anticipate being haled into court in the forum state." *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993) (internal quotation marks omitted). In addition, the minimum-contacts test "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

Despite acknowledging these principles, Muddusetti discusses only *United Airlines's* contacts with this forum—not Pax Assist's. *See* Dkt. 12 at 7-8. But Pax Assist is an entirely separate legal entity from United Airlines. *See* Dkt. 10-1 at 1 (addressing Pax Assist's incorporation in New York). The complaint does include a bare assertion that Pax Assist was acting as United Airlines's "agent" when the accident at JFK Airport occurred. *See* Dkt. 1 at 3. Pax Assist and United Airlines deny that allegation. *See* Dkt. 14 at 3 n.5 (Pax Assist arguing that it "is not an airline and has no contractual relationship with and is not an agent of United Airlines"); Dkt. 21 at 1 (United Airlines asserting that "Pax Assist was not acting as an agent of United"). Muddusetti provides no evidence supporting its agency allegation, *see generally* Dkt. 12, which the Court rejects as conclusory. *See Panda Brandywine*, 253 F.3d at 869 (courts are not required "to credit conclusory allegations, even if uncontroverted").

7

Moreover, Muddusetti cites no authority—and the Court has found none—suggesting that, for personal jurisdiction purposes, the contacts of an alleged *principal*—e.g., United Airlines—could be imputed to an alleged *agent*—e.g., Pax Assist. In the reverse scenario, "the actions of an agent may establish minimum contacts over a principal."[2] *McFadin v. Gerber*, 587 F.3d 753, 761 (5th Cir. 2009). That imputation flows from the bedrock principle that an agent acts on behalf of and subject to the control of its principal, thereby binding the principal to the agent's actions. *See Tradequip Servs. & Marine, Inc. v. Mazzone*, 2017 WL 6025545, at *2 (S.D. Tex. Dec. 5, 2017) (stating these hornbook principles, citing Texas cases). Its logic cannot work the other way around to justify imputing the principal's contacts with the forum state to an alleged agent that had no such contacts of its own and was subject to the principal's control.

United Airlines's decision to concede personal jurisdiction on its own behalf therefore does not relieve Muddusetti of her burden to establish that *Pax Assist* had minimum contacts with the forum State. *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980) (personal jurisdiction is defendant-specific). She

---

[2] Even in the reverse context, similarly bare assertions about an agency relationship do not satisfy a plaintiff's requirement to show a *prima facie* case of personal jurisdiction. *See Embarcadero Techs., Inc. v. Redgate Software, Inc.*, 2018 WL 315753, at *7 (W.D. Tex. Jan. 5, 2018) (rejecting an unsubstantiated contention that plaintiff's claims "relate to actions Fignoca took or caused to be taken in Texas as an agent of Redgate").

8

comes nowhere close to meeting that burden. Pax Assist has no contacts with Texas. Dkt. 10-1 at 2. Because Pax Assist has no Texas operations, it has not availed itself of the benefits of doing business here. *See id.* Nor has Pax Assist consented to being sued here. *See id.* Muddusetti's complaint further shows that her injury does not arise out of any events in Texas; those events occurred entirely at JFK Airport in New York. *See* Dkt. 1 at 3. The fortuitous fact that Muddusetti resides in Texas cannot supply the missing link between Pax Assist and the forum State. *See Walden*, 571 U.S. at 285.

As a final argument, Muddusetti emphasizes that United Airlines filed a crossclaim against Pax Assist. That is of no moment. "Fifth Circuit law provides that filing a cross-claim does not automatically confer personal jurisdiction," even over the party who filed it. *Special Quality Alloys, Inc. v. Coastal Machine & Supply, Inc.*, 2023 WL 7412945, at *3 (S.D. Tex. Nov. 9, 2023) (citing *PaineWebber Inc. v. Chase Manhattan Priv. Bank (Switz.)*, 260 F.3d 453, 461 (5th Cir. 2001)). In this case, Pax Assist did not file a crossclaim. Only United Airlines did, and Pax Assist moved to dismiss that crossclaim for lack of personal jurisdiction. *See infra* Part II. There is no basis for personal jurisdiction over Muddusetti's claim against Pax Assist.

9

## II. This Court lacks personal jurisdiction over Pax Assist with respect to United Airlines's crossclaim.

The foregoing analysis dictates the same result with respect to United Airlines's crossclaim. As Pax Assist maintains, its lack of contacts with Texas forecloses personal jurisdiction here. *See* Dkt. 17 at 4-9. In response, United Airlines candidly admits that it "has no knowledge or information regarding whether there are facts and information that would support personal jurisdiction over Pax Assist in Texas." Dkt. 21 at 1. Rather, United Airlines notes that its crossclaim is contingent on Muddusetti proving at trial her "accident, damages, losses and/or other injuries." *Id.* at 1-2 (quoting crossclaim, Dkt. 9 ¶ 33). Only then would United Airlines seek a finding that Pax Assist caused the accident, damage, loss, or injury. *See id.* The undisputed evidence therefore confirms that this Court lacks personal jurisdiction over Pax Assist with respect to the crossclaim.

## III. Transfer is warranted in lieu of dismissal.

The remaining question concerns the proper remedy. Courts can dismiss claims against a defendant when personal jurisdiction is lacking. But in that situation, courts also have discretion to transfer a case, even *sua sponte*, under 28 U.S.C. § 1631 and § 1406(a), upon concluding that venue is improper and the interests of justice favor transfer. *See Franco v. Mabe Trucking Co.*, 3 F.4th 788, 795-96 (5th Cir. 2021) (Sections 1631 and 1406(a) "can function together

10

rather than as alternative avenues for transfer" when "there is both a lack of jurisdiction and a lack of proper venue and the interests of justice weigh in favor transfer rather than dismissal"); *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) (per curiam) (authorizing transfer "upon a motion or sua sponte," citing Sections 1404 and 1406); *see also, e.g.*, *Special Quality Alloys, Inc.*, 2023 WL 7412945, at *6 (opting for transfer where court lacked personal jurisdiction over one of two defendants).

Initially, Pax Assist alluded to transfer as an alternative to dismissal. *See* Dkt. 10 at 1-2 (citing Sections 1406(a) and 1631). So did United Airlines. *See* Dkt. 21 at 2 (invoking transfer). At the Court's request, Dkt. 26, Muddusetti and Pax Assist submitted supplemental briefs either agreeing or at least not disputing that the Montreal Convention poses no impediment to transferring this case to a jurisdiction that would have personal jurisdiction over both defendants.[3] *See* Dkt. 28 (Pax Assist taking no position on the appropriate remedy); Dkt. 29 at 3 (Muddusetti arguing that the interests of justice "strongly" favor transfer over dismissal).

---

[3] United Airlines, without leave of court, filed a tardy supplemental brief that the Court is entitled to disregard. *See* Dkt. 26 (setting May 27, 2024 deadline); Dkt. 30 (filed May 28, 2024). Nevertheless, United Airlines agrees, albeit circuitously, that the Montreal Convention neither specifies a particular venue within a signatory country, nor does it confer personal jurisdiction over a defendant in any location. *See* Dkt. 30 at 2-3.

11

In a similar multi-defendant case, this Court opted to transfer the case after concluding that it lacked jurisdiction over one of the defendants. *See Special Quality Alloys, Inc.*, 2023 WL 7412945, at *6. As noted in *Special Quality*, "[t]he decision to transfer is discretionary, and often made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Id.* (quoting *Springboards to Educ., Inc. v. Hamilton Cnty. Read 20*, 2017 WL 3023489, at *6 (N.D. Tex. July 14, 2017)). Based on those considerations, this Court found that the interests of justice warranted transferring the case to the district where the defendant who successfully challenged personal jurisdiction maintained its principal place of business. *See id.*

As in *Special Quality Alloys*, transferring this case would be far more efficient than dismissal. Muddusetti's claims against both defendants are intertwined. And United Airlines's crossclaim is wholly contingent upon Muddusetti's claim. Notably, even United Airlines agreed that "this case should be transferred to the appropriate venue where personal jurisdiction can be found with respect to Pax Assist." Dkt. 21 at 2. To avoid piecemeal litigation of interrelated issues in multiple venues and the attendant waste of resources, the interests of justice favor transfer over dismissal.

Pax Assist maintains its principal place of business within the Eastern District of New York and is subject to personal jurisdiction there. *See* Dkt. 10-

12

1 at 1. The Eastern District of New York is also a proper venue because the underlying incident occurred within that district. *See* 28 U.S.C. § 1391(b)(2). Accordingly, pursuant to 28 U.S.C. § 1406(a) and § 1631, the Court should transfer this case to the Eastern District of New York.

## Order and Recommendation

For the foregoing reasons, it is **ORDERED** that Defendant Pax Assist, Inc.'s motion for leave to file its supplemental exhibit (Dkt. 11) is **GRANTED**.

It is further **RECOMMENDED** that Pax Assist's motion to dismiss or to transfer Plaintiff Supriya Muddusetti's claims (Dkt. 10) and its motion to dismiss Defendant United Airlines, Inc.'s crossclaim (Dkt. 17) be **GRANTED** solely with respect to the alternative remedy of **TRANSFERRING** this case to the Eastern District of New York.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on May 29, 2024, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge